IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE | : | CIVIL ACTION |
| MAUREEN H. GISONDI, | : |  |
| Appellant, | : | No.  13-6147 |

## MEMORANDUM

PRATTER, J.                                                                                      FEBRUARY 20, 2014

In this bankruptcy appeal, Appellant Maureen Gisondi claims that the Bankruptcy Court erred when it found that she failed to rebut the presumption that she received two copies of the notice of right to cancel, in violation of the Truth in Lending Act (TILA), and when it found that she failed to present evidence that Wells Fargo had an interest in Ms. Gisondi's loan.  Appellees Wells Fargo and Countrywide Bank oppose Ms. Gisondi's appeal and argue that the Bankruptcy Court's decision was correct.  The Court agrees that the Bankruptcy Court applied the appropriate legal standard in deciding that Ms. Gisondi failed to rebut the presumption that she received copies of the notice of right to cancel and accepts the findings of fact of the Bankruptcy Court on that issue.  In upholding the Bankruptcy Court's decision on this first issue, the Court need not reach Ms. Gisondi's second ground for appeal.

### BACKGROUND

Ms. Gisondi owns a home at 2561 Skippack Pike, Lansdale, PA.  In 2006, when she found herself facing financial difficulties, Ms. Gisondi sought to refinance the mortgage on her home.  She employed the services of a mortgage broker.  The broker arranged for a loan from Countrywide Bank.  Ms. Gisondi closed on the loan at her home on August 10, 2006.

As time passed, Ms. Gisondi's financial situation worsened, and she could no longer afford the loan.  On July 21, 2008, Ms. Gisondi filed an adversary action in her bankruptcy

proceeding, seeking, in part, to rescind the loan and claiming that she never received copies of the notice of right to cancel, as required by the TILA.

At the summary judgment stage, the Appellees/Defendants presented a signed acknowledgment ostensibly by Ms. Gisondi of receipt of her notices of right to cancel, as well as deposition testimony from Countrywide employee, Lanisa Jenkins, and the closing agent, Ralph Lewis. Ms. Jenkins testified that Countrywide's policy was to require that borrowers receive a copy of all closing documents at closing. Mr. Lewis testified that it was his practice to always leave a copy of all closing documents with the borrower at closing. He also testified that he recalled that he and Ms. Gisondi were the only people present for the closing and that Ms. Gisondi specifically asked for a copy of her loan file so that she could provide it to her attorney. In opposition, Ms. Gisondi proffered an affidavit that stated that she did not receive any closing documents. More specifically, she contradicted Mr. Lewis's testimony by stating that she and Mr. Lewis were not the only people at the loan closing – her nephew, James Catania, was also present at the closing, and Ms. Gisondi further stated that "most of the discussions which took place at the settlement were between the two men." She also averred that she did not have an attorney at the time of the closing, and that therefore she definitely would not have made any statement to that effect to Mr. Lewis. The Bankruptcy Court denied summary judgment, and the case eventually went to trial in May, 2013.

At trial, Ms. Gisondi testified again that although she signed an acknowledgment of receipt of the notices of right to cancel, she did not recall actually receiving those documents. She further testified that she has a filing cabinet in which she keeps important documents and that she was unable to find any documents relating to the loan in question in that cabinet. She also conceded at trial that she did have an attorney at the time of the closing – a lawyer who was

representing her in a lawsuit against MBNA in which she blamed MBNA, in part, for her inability to obtain financing. She also admitted that while Mr. Catania was at her house when Mr. Lewis arrived for the closing, she did not recall whether Mr. Catania stayed for the closing. Mr. Catania, meanwhile, testified that he left before the closing began.

The Bankruptcy Court ultimately found that Ms. Gisondi's testimony was not credible. In particular, the Bankruptcy Court noted that Ms. Gisondi provided "inconsistent and self-serving testimony" on details surrounding the closing, including whether she was represented by counsel at the time of the closing and whether her nephew was present for the entirety of the closing. *See In re Gisondi*, Bankr. No. 08-1444, Adversary No. 08-00170, Docket No. 177 (E.D. Pa. Bankr. Aug. 14, 2013). Because it found that her testimony was not credible, the Bankruptcy Court held that Ms. Gisondi had not rebutted the presumption of receipt of the notices of right to cancel and granted judgment in favor of Countrywide and Wells Fargo. *Id.*

Ms. Gisondi timely appealed the Bankruptcy Court's decision to this Court, pursuant to 28 U.S.C. § 158(a)(1).

**LEGAL STANDARD**

Upon appeal of a ruling from bankruptcy court, this Court reviews the Bankruptcy Court's legal conclusions *de novo,* its factual findings for clear error, and its exercise of discretion for abuse thereof. *See In re Goody's Family Clothing, Inc.,* 610 F.3d 812, 816 (3d Cir. 2010).

Pursuant to Fed. R. Bankr. P. 8013*,* a bankruptcy court's findings of fact, whether based on testimonial or documentary evidence, may not be set aside by a reviewing court unless those findings are "clearly erroneous," and deference must be given to the bankruptcy court's determination of the credibility of witnesses. *See In re Trans World Airlines,* 322 F.3d 283, 287

(3d Cir. 2003); *see also In re Jones,* 308 B.R. 223, 228 (E.D. Pa. 2003). Furthermore, a bankruptcy court's findings of fact must be upheld unless the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City,* 470 U.S. 564, 573 (1985).

**DISCUSSION**

The Truth in Lending Act and its implementing regulations require, among other things, that lenders provide borrowers with two copies of a notice of right to cancel. *See* 15 U.S.C. § 1635(a); 12 C.F.R. 226.23(b). A borrower may rescind a transaction covered by the statute within three days of settlement or within three days of receipt of the notices of right to cancel, whichever is later. *See id.*; *see also* 12 C.F.R. 226.23(a)(3). If the notices of right to cancel are never delivered, the right to rescind expires three years after the transaction is consummated. *See* 12 C.F.R. 226.23(a)(3).

Under 15 U.S.C. § 1635(c), a signed acknowledgment of receipt of the notices of right to cancel creates a rebuttable presumption that the notices were delivered. Here, Ms. Gisondi undisputedly signed such an acknowledgment. The question faced by the Bankruptcy Court, then, was whether or not she rebutted the presumption of receipt created by that signed acknowledgment.

Ms. Gisondi argues that the Bankruptcy Court made an error of law, not simply a factual error, in finding that she did not rebut the presumption. She cites *Cappuccio v. Prime Capital Funding LLC*, 649 F.3d 180 (3d Cir. 2011), in support of her position. In that case, the Third Circuit Court of Appeals held that a borrower's testimony alone was sufficient to rebut the presumption of receipt in a TILA action seeking rescission. *Id.* at 189-90. Ms. Gisondi specifically points to the *Cappuccio* court's admonition that a plaintiff's personal testimony may

be sufficient to rebut the presumption "even if the [testimony] is 'self-serving' in the sense of supporting the [witness's] own legal claim or interest." *Id.* Because the Bankruptcy Court held that Ms. Gisondi's "self-serving" testimony was insufficient to rebut the presumption, she argues that, based on *Cappuccio*, the Bankruptcy Court committed an error of law.

What Ms. Gisondi ignores is the *Cappuccio* court's important qualification of its definition of "self-serving." That court held that a plaintiff's own testimony can be sufficient to rebut the presumption of receipt if the testimony "is 'self-serving' *in the sense of supporting the [witness's] own legal claim or interest*." *Id.* (emphasis added). It did not hold that testimony that is "self-serving" in the sense that it is uncorroborated, contradictory, or otherwise not credible is sufficient to rebut the presumption. A little more than a week after *Cappuccio* was decided, the Third Circuit Court of Appeals issued an unpublished decision citing *Cappuccio* and acknowledging that "a borrower's testimony alone, *if credited by the fact-finder*, is sufficient to rebut the presumption that the borrower received the disclosures required under TILA." *Parker v. F.D.I.C.*, 447 F. App'x. 332, 336 (3d Cir. 2011). Applying this holding, the *Parker* court declined to disturb the district court's finding that the plaintiff-borrowers failed to rebut the presumption of receipt because their own testimony was not credible. *Id.* Indeed, it would make little sense to allow *any* testimony, no matter how incredible, to suffice to rebut the presumption of receipt. Therefore, this Court finds that the Bankruptcy Court did not commit an error of law in holding that Ms. Gisondi failed to rebut the presumption of receipt of notices of the right to cancel, when it also found that Ms. Gisondi's testimony – the only evidence that supported her contention that she did not receive the proper notices – was "inconsistent and self-serving."

Viewing the Bankruptcy Court's findings of fact through the lens of the "clearly erroneous" standard, the Court finds that the Bankruptcy Court did not commit clear error in

finding Ms. Gisondi's testimony less than credible.  Although Ms. Gisondi argues that the contradictions in the testimony that the Bankruptcy Court identified did not relate directly to the salient issue of whether or not she received the required TILA notices, her argument ignores the well-settled principle of *falsus in uno, falsus in omnibus* – *i.e.,* finding contradictions in portions of a witness's testimony that relate to one issue may lead a fact-finder to discredit testimony about other issues.  *See, e.g., Lambert v. Blackwell,* 387 F.3d 210, 256 (3d Cir. 2004) (discussing "*falsus in uno, falsus in omnibus*" charge, which permits the fact-finder to discredit all of a witness' testimony if it finds that a witness testified falsely about any material fact).

     Ms. Gisondi attempts to harmonize the glaring discrepancies in her presentations identified by the Bankruptcy Court.  She argues that at no point did she say that Mr. Catania attended the entirety of the closing and that by saying she did not have a lawyer at the time of the closing, she meant only that she did not have a lawyer at the time of the closing who was representing her with respect to the new loan.  Thus, according to Ms. Gisondi, her summary judgment affidavit did not contradict her trial testimony.  Her efforts in this vein are unconvincing, bordering on disingenuous.  At best, at least a few of the statements she made in her affidavit were misleading when compared to the testimony of other witnesses and her own testimony at trial.  While her summary judgment affidavit made it sound as if she recalled Mr. Catania attending at least a substantial portion of the closing, she admitted at trial that, consistent with the testimony of other witnesses, including Mr. Catania himself, she did not recall whether he stayed for any of the closing.  Likewise, while her summary judgment affidavit flatly disavowed having a lawyer at the time of the closing and could be read to imply that she had not retained a lawyer for any purpose at that time, at trial she admitted that she did have a lawyer at

the time who was working on a suit that she filed that directly related to her ability to obtain credit.

Whether or not this Court would have come to the same conclusion as the Bankruptcy Court as to Ms. Gisondi's credibility, these clear contradictions certainly suffice to give the Bankruptcy Court reason to find her testimony as a whole less than credible. Therefore, especially in light of the very high standard she must overcome to convince this Court that the Bankruptcy Court's findings were "either (1) completely devoid of minimum evidentiary support displaying some hue of credibility or (2) bear[] no rational relationship to the supportive evidentiary data," *DiFederico v. Rolm Co.*, 201 F.3d 200, 208 (3d Cir. 2000), this Court will not upset the Bankruptcy Court's findings of fact.

**CONCLUSION**

For the foregoing reasons, the Bankruptcy Court's decision is AFFIRMED. An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge